B. & J. SLEVIN & Co., Defendants in Error, *v.* H. S. REPPY, Plaintiff in Error.

1. *Principal and agent — Evidence — Practice, civil — Pleadings.* — In a suit upon a promissory note, whether made by defendant himself or by his agent, the petition should charge that defendant made the note. This charge would be sustained by proof that the signature was by defendant personally, or by his duly authorized agent.

*Error to Second District Court.*

*A. J. Quigley* and *Leonard*, for defendants in error.

*Green & Thomas*, for plaintiff in error.

BLISS, Judge, delivered the opinion of the court.

The petition counts upon a promissory note made by defendant, whose name was signed by his brother and agent, B. S. Reppy. The right to thus use his name was denied, and upon that issue the plaintiff recovered judgment.

Many instructions were given, and the defendant complains chiefly of the following: "If the jury believe from the *evidence* that H. S. Reppy consented to and authorized B. S. Reppy to carry on the mercantile business, either as a partner or as agent in the name of 'H. S. Reppy,' and goods were purchased as such from the plaintiff in the name of H. S. Reppy, for which B. S. Reppy gave the note of H. S. Reppy, then the defendant is liable, provided the jury further believe that the plaintiffs were not informed of the private agreement between H. S. Reppy and B. S. Reppy." The objection to the charge is founded upon the language of the petition, which charges that the name of defendant was put to the note by B. S. Reppy, his agent, nothing being said about a secret partnership; and it is claimed that any evidence concerning or any consideration of such partnership is a departure.

The material fact set forth in the petition is that defendant made the note, not how he made it — whether by his own hand or by that of his agent. The mode of signing it need not have been averred. This material fact would be sustained by evidence

either that the signature was in defendant's handwriting, or that it was made by another duly authorized by him.

The question of authority is one of evidence, not of pleading. The instruction, as given above, supposes that there might be some doubt whether B. S. Reppy was conducting the business of the maker of the note as his agent or his secret partner; nor does it matter. Either relation would authorize the making of the note, and the plaintiffs were not supposed to know that this apparent agent was a secret partner as well. The question whether he was one or the other might become important if it were sought to charge him personally upon the debt, but no such attempt is made, and the authority to execute the note has been found in favor of the plaintiffs.

Defendant's counsel truly say that a plaintiff can not declare upon one cause of action and recover upon another. But the record shows no such variance. Plaintiff sold defendant a bill of goods, billed them to him in his own proper name; his brother was conducting business in his name and with his consent; a balance upon the goods remaining unpaid, the note was given, and the pleadings raised the question whether it was his note. The private relations between him and his brother are only to be considered as affecting the question of authority to execute it; and if it turned out that he was secret partner as well as agent, it did not disprove the authority, and made no new cause of action.

The other judges concurring, the judgment is affirmed.