### HUBBARD vs. THE TOWN OF WILLIAMSTOWN.

*October 18 — November 6, 1884.*

*(1) Special town meeting: Notice. (2) Pleading: Demurrer: Alleged ratification presumed valid.*

1. A failure to give the notice required by statute (sec. 789, R. S.) is fatal to the validity of proceedings had at a special town meeting.

2. In an action for the purchase price of the abutments of a bridge, after alleging a sale of the abutments to the defendant town under a contract which appeared on the face of the complaint to have been void because the authority therefor on the part of the town was given at a special town meeting of which proper notice had not been given, the complaint further alleges that thereafter the plaintiff delivered the abutments to the town, and the town " accepted the same and built a bridge thereon pursuant to the agreement." *Held,* on demurrer, that the latter allegation should be construed to mean that the town accepted the abutments in a lawful way and that the bridge was built thereon by the lawful authority of the town; and that the complaint was therefore sufficient.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought to recover the purchase price of two abutments to a bridge, which the plaintiff says he sold to the town, and for which the town agreed to pay him the sum of $750. The complaint sets out that the proposition to make such sale to the town was submitted to the electors of the town at a special town meeting called for the purpose of considering the same, and that the electors voted to purchase such abutments, and authorized the supervisors of the town to make such purchase, upon certain conditions, and build a bridge thereon. It then sets out a written contract for the sale of said abutments, made between the plaintiff and one H. A. Lawrence, of the one part, and the town of *Williamstown*, of the other part, and executed on the part of the town by the supervisors of said

town. The complaint further alleges 'that the plaintiff and the said Lawrence delivered the said abutments to the said defendant, and the said defendant accepted the same and built a bridge thereon pursuant to said agreement; and that the said plaintiff and the said H. A. Lawrence performed all the conditions of said bond and said agreement to be by them performed.' It also alleges an assignment by Lawrence to the plaintiff of all his rights and interest under the contract, the presentation of the plaintiff's claim to the town board of auditors of said town on the 3d day of March, 1883, and their refusal to audit or pay the claim, or any part thereof; and demands judgment.

" The town demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and for a defect of parties plaintiff. This last cause of demurrer is not insisted upon in this court. The circuit court sustained the demurrer, with leave to the plaintiff to amend his complaint within twenty days. Upon the failure of the plaintiff to amend his complaint, judgment was entered in favor of the defendant, dismissing the complaint, and for costs. From this judgment the plaintiff appeals to this court."

For the appellant there was a brief by *Eli & C. E. Hooker*, and oral argument by *Mr. Eli Hooker*. To the point that the acceptance of the abutments, the building of the bridge thereon, and its use by the town, constituted a ratification of the contract of purchase, they cited: *Kneeland v. Gilman*, 24 Wis. 42; *Clark v. Janesville*, 10 id. 168; *De Grave v. Monmouth*, 19 Eng. C. L. 300; *Moss v. Rossie L. M. Co.* 5 Hill, 139; *Episcopal Charitable Society v. Episcopal Church*, 1 Pick. 372; *Proprietors v. Gordon*, id. 296; *Smith v. First Cong. M. H.* 8 id. 178; *New England M. Ins. Co. v. De Wolf*, id. 56; *Danforth v. Schoharie Turnp. Co.* 12 Johns. 227; *Dunn v. Rector, etc.* 14 id. 118; *Peterson v Mayor*, 17 N. Y. 449; *American Ins. Co. v. Oakley*, 9 Paige, 496; *Hooker v.*

Hubbard vs. The Town of Williamstown.

*Eagle Bank,* 30 N. Y. 83; *Colby v. Beaver Dam,* 34 Wis. 285; *Cady v. Watertown,* 18 id. 322; *Bushnell v. Beloit,* 10 id. 195; *Clark v. Janesville,* 13 id. 414; *People ex rel. Smith v. Flagg,* 16 How. Pr. 36; *Crawshaw v. Roxbury,* 7 Gray, 374.

*Edward S. Bragg,* of counsel, for the respondent, to the point that there could be no ratification of the purchase, after it had been illegally made, except in the same way and by the same formalities required to legalize it in its inception, cited: *Cook v. Tullis,* 18 Wall. 332; Story on Agency, sec. 206; *Despatch Line v. Bellamy Manuf'g Co.* 12 N. H. 205; Green's Brice's Ultra Vires, 547, note *a; Zottman v. San Francisco,* 20 Cal. 97; *Delafield v. State,* 2 Hill, 159; *Kimball v. Rosendale,* 42 Wis. 407.

TAYLOR, J. The demurrer was undoubtedly sustained for the reason that it appears from the facts set up in the complaint that the special town meeting to which the proposition of the plaintiff was submitted, and which it is claimed directed the purchase of the abutments from the plaintiff and the building the bridge thereon, was irregularly called, and all proceedings taken at such meeting were void. It is not controverted by the learned counsel for the appellant that this objection is well taken. The statute requires that all special town meetings shall be called upon a fifteen days notice, and in this case, as appears on the face of the complaint, only fourteen days' notice was given. See secs. 788, 789, R. S. 1878. The want of the notice required by the statute was fatal to the validity of the proceedings had at such meeting. *Pratt v. Town of Swanton,* 15 Vt. 147. The contract set out in the complaint made by the supervisors, upon the authority supposed to have been given by the town at such town meeting, can be of no force to bind the town.

But the complaint alleges that after these void proceedings were had and this void contract made, the plaintiff delivered the abutments to the defendant, and that the de-

fendant "accepted the same and built a bridge thereon pursuant to said agreement." Upon this demurrer this allegation of fact, as well as all others, must be taken as true. The allegation is that the town accepted the abutments and built the bridge thereon according to the contract. It is true that the complaint does not state the manner of acceptance, nor by what authority the town built the bridge thereon, but we are inclined to hold that the allegation should be construed to mean that the town accepted the abutments in a lawful way, and that the bridge was built thereon by the lawful authority of the town.

Under these allegations it would be competent for the plaintiff, on the trial, to show that the town accepted the abutments by the action of the town at a lawfully called town meeting, and that the bridge was built thereon by the lawful direction of the town made at such town meeting; or that an acceptance by the supervisors, and the erection of the bridge by them, under the supposed authority of the void town meeting, was afterwards ratified by the town in some other way; as it might have been by voting to levy a tax upon the town for the payment of the abutments and building the bridge, or by some other act or acts recognizing the authority of the supervisors in making the purchase and building the bridge. An averment in a pleading that an agent acted by due authority may be sustained by proof of subsequent ratification. *Hoyt v. Thompson's Ex'r*, 19 N. Y. 207, 219. What acts on the part of the town would be sufficient to ratify an unauthorized purchase of the abutments and building of the bridge by the supervisors we are not called upon to determine upon this appeal.

In this view of the allegations of the complaint it does set out facts sufficient to constitute a cause of action, and it was error to sustain the demurrer.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings.