Argued July 19, reversed September 17, 1918.

## MASTERS *v.* WALKER.

(174 Pac. 1164.)

**Principal and Agent—Ratification—Effect.·**

1. When the principal, with knowledge of all facts, ratifies a transaction unauthorized when performed, he adopts the act as of the time of its performance, as much as if he had done it himself.

[As to effect of ratification by principal of agent's act, see note in 5 Am. St. Rep. 109.]

**Principal and Agent—Pleading—Proof—Act of Agent.**

2. Under an allegation that an act was done by defendant, plaintiff can show the act was done by defendant's agent, or that it was afterward ratified.

**Principal and Agent—Action Against Agent—Pleading.**

3. Plaintiff, seeking to hold a principal on account of his agent's act, later ratified, should allege the act directly as defendant's, and not state that the business was done by an agent, and later ratified by defendant.

**Principal and Agent—Action for Fee—Question for Court.**

4. In an attorney's action for a fee, he could show that defendant's general agent employed him in her behalf, and it was for the court to decide, from the facts shown, whether the act was within the agent's authority.

**Principal and Agent—Existence or Extent of Agency—Question of Law and Fact.**

5. If there is a dispute about the extent of an agency, a mixed question of law and fact is presented, which should be submitted to the jury.

**Principal and Agent—Existence or Extent of Agency—Question of Law and Fact.**

6. If there is a dispute about the existence of an agency, a mixed question of law and fact is presented, which should be submitted to the jury.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.

Alleging that he was a regularly admitted attorney at law, the plaintiff states:

"That on or about the —— day of April, 1914, defendant employed plaintiff as her attorney to act in the defense of a certain case then pending in the District Court of the United States for the District of Oregon,"

numbering and entitling it, to which the defendant was a party:

"That plaintiff entered on the defense of said suit and conducted the same to final determination and on or about December 15, 1915, plaintiff and defendant had an accounting together as to the amount due plaintiff for conducting the defense of said case and at said time it was understood and agreed between plaintiff and defendant that defendant should pay plaintiff for said services the sum of $4,000, which sum defendant promised and agreed to pay plaintiff."

Averring that only part of the amount had been paid, the plaintiff demanded judgment for the balance.

The answer admitted the plaintiff's character as a practicing attorney, but denied all of the other allegations of the complaint. At the trial the court refused sundry offers of the plaintiff which he claims tended to prove his case, and cast him in a judgment of nonsuit, from which he appeals.        REVERSED.

For appellant there was a brief over the names of *Mr. John F. Reilly* and *Mr. W. Y. Masters,* with an oral argument by *Mr. Reilly.*

For respondent there was a brief over the name of *Messrs. Dey, Burnett & Hampson,* with an oral argument by *Mr. A. A. Hampson.*

BURNETT, J.—1. From an exceedingly garrulous bill of exceptions we discern that substantially but two questions are presented by the record. The plaintiff offered to show for one thing that his actual employment took place through an agreement with an attorney previously employed by the defendant in the federal litigation mentioned and that the latter ratified this employment and agreed to pay for the same. He also endeavored to prove that the attorney who employed him was the general agent of the defendant and as such acted for the defendant in the matter of engaging the plaintiff's services as stated in the complaint. These offers were rejected. The ruling of the court on the first contention seems to have been based on the theory that if the plaintiff here would rely upon a ratification of an act which was unauthorized at the time it was performed, the ratification must be pleaded.

"By ratifying the unauthorized act, the principal assumes and adopts it as his own, and as has been seen, this adoption extends to the whole of the act,—it goes back to its inception and continues to its legitimate end. * * 'The ratification operated upon the act ratified precisely as though the authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification.' And this rule applies as well to corporations as to individuals": 1 Mechem on Agency (2 ed.), § 483. See, also, 2 C. J. 467, 516.

The essence of the rule is that when the supposed principal, with knowledge of all the facts, ratifies a transaction which was unauthorized when performed, he adopts the act as of the time of its performance and makes it his own, as much as if he had been then and there personally present and executed it himself.

2. It is good pleading to allege that an act was done by the defendant, and it is competent to prove that averment by showing that the act was really done by an agent of the defendant thereunto duly authorized, or that it was afterward ratified by the defendant: *Kitchen* v. *Holmes,* 42 Or. 252 (70 Pac. 830); *Levy* v. *Nevada, C. & O. Ry.,* 81 Or. 673 (160 Pac. 808, L. R. A. 1917B, 564); *Slevin* v. *Reppy,* 46 Mo. 606; *Hoosac Mining & Milling Co.* v. *Donat,* 10 Colo. 529 (16 Pac. 157); *Long* v. *Osborn,* 91 Iowa, 160, 163 (59 N. W. 14); *Hubbard* v. *Williamstown,* 61 Wis. 397 (21 N. W. 295); *Moore* v. *McClure,* 8 Hun, 557; *Hand* v. *Society for Savings,* 18 N. Y. Supp. 157; *Smith* v. *Des Moines Nat. Bank,* 107 Iowa, 620 (78 N. W. 238); 2 C. J. 904.

3. The ultimate question to be determined is whether the transaction is that of the defendant within the meaning of the law. One seeking to establish the affirmative of that proposition should allege it directly and not endeavor to arrive at the result by circumlocu-

89 Or.—34

tion or argumentative statement. The allegation may be proved by direct testimony or by evidence of facts from which the law draws the conclusion that the act was that of the principal. It savors strongly of pleading evidence or at least redundancy for the pleader to state that the business under consideration was done by an agent or that, having been transacted without the defendant's sanction, it was afterward ratified by him.

4-6. It was proper also for the plaintiff to show that the defendant's general agent employed him in her behalf, it being for the court to decide from the facts shown whether the act was within the scope of the agent's authority. Of course, if there should be a dispute about the existence or extent of the agency, there would be presented a mixed question of law and fact which should be submitted to the jury under suitable instructions as to the law.

If the defendant employed the plaintiff as her attorney and he performed the services for which he was engaged, an indebtedness arose in favor of the plaintiff which was the proper subject of an accounting between them.

The plaintiff was wrongfully deprived of his right to prove his case. The judgment is reversed for further proceedings.        Reversed.

McBride, C. J., and Benson and Harris, JJ., concur.