## CARVER SOUND EQUIPMENT CO., Inc., v. TONAHILL.

### No. 2106.

Court of Civil Appeals of Texas. Waco.

May 4, 1939.

Rehearing Denied June 1, 1939.

Leslie A. Prichard, of Lubbock, for appellant.

Orville Jobe, of Waco, for appellee.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling the defendant's plea of privilege to be sued in Dallas county. The plaintiff sued the defendant in Mc-Lennan county for a commission alleged to be due him for the sale and installation of certain sound equipment to Baylor University at Waco. He alleged a contract to pay him a commission on such equipment as the defendant might sell and install in McLennan county, and in the alternative sought recovery on quantum meruit. The sufficiency of the pleadings is not challenged.

Appellant's main contention is that the evidence was insufficient to establish a prima facie cause of action. The plaintiff testified to facts showing an agreement on the part of the defendant to pay him a commission of 40% on such sound equipment as plaintiff might sell and install in McLennan county. He further testified that he interested a representative of Baylor University at Waco in the purchase of sound equipment for one of its buildings and communicated that fact to the defendant, and that as a result a representative of Baylor University and a representative of the defendant entered into negotiations for such equipment, and within a few weeks thereafter the defendant actually sold to and installed for Baylor University the equipment under consideration. While the evidence is possibly insufficient to show a mutually binding contract to pay the commission provided for in the alleged agreement, the evidence is sufficient to estab-

lish a prima facie right to recover on quantum meruit for services actually rendered.

In order to sustain venue in McLennan county, it was necessary for plaintiff to show that the defendant was a corporation and that the cause of action arose in McLennan county. Revised Statutes, art. 1995, sec. 23. We think the evidence above referred to was sufficient to establish that plaintiff's cause of action arose in McLennan county. The only evidence in the record to prove that the defendant is a corporation is the name under which it carried on its correspondence with plaintiff and under which it filed its plea of privilege herein. The plaintiff's petition alleged that the defendant was a corporation. The defendant's plea of privilege reads, in part, as follows: "Now comes Carver Sound Equipment Company, Inc., defendant in the above entitled and numbered cause, acting by and through its president, W. J. Carver, president." The abbreviation "Inc." is used to denote "incorporated." 31 C.J. 371. By the use thereof in connection with its name, the defendant held itself out to the world as a corporation. This circumstance contained in the plea of privilege could be looked to for the purpose of determining whether the defendant was a corporation. Fort Worth Warehouse & Storage Co. v. Maddocks, Tex.Civ.App., 33 S.W.2d 227. While the evidence on the issue is very meager, we think it is sufficient to establish prima facie that the defendant was a corporation.

The judgment of the trial court is affirmed.