Argued May 6, affirmed July 1, petition for rehearing
denied September 11, 1970

# CASCADE WAREHOUSE CO., *Respondent,*
## *v.* DYER, *Appellant.*

471 P2d 775
474 P2d 325

*H. William Barlow*, Salem, argued the cause for appellant, With him on the brief were Allen, Stortz, Pierson & Barlow, Salem.

*Carl N. Byers*, Salem, argued the cause for respondent. With him on the brief were James G. Heltzel and Heltzel & Byers, Salem.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

PER CURIAM.

The complaint in this case alleged that plaintiff, a wholesale building material distributor, sold goods to defendant and that payment for the goods was not made. Defendant answered that before any of the sales, alleged in the complaint, had been made that he had sold his business to another and that the goods had been sold to the other person. The reply was a denial. The case was tried to the court without a jury. Plaintiff introduced evidence which was sufficient to prove that he had received no notice of the sale of the business from defendant Dyer; that the business had continued to be operated by the same name and same personnel, and that the sales were made on purchase orders received from the same purchasing agent who had performed these services for Dyer.

At the conclusion of the case defendant moved for a directed verdict. The motion was denied and the court found for plaintiff. The failure to allow the motion is the only assignment of error on this appeal. The assignment claims error because "* * * you can't prove implied or agency by estoppel without pleading it * * *"

■■ It is said to be good pleading to allege that "an act was done by the defendant, and it is competent to prove that averment by showing that the act was really done by an agent of the defendant thereunto duly authorized, or that it was afterward ratified by defendant: * * *." *Masters v. Walker*, 1918, 89 Or 526, 529, 174 P 1164. This rule is almost uniformly followed. 3 Am Jur2d 699, Agency § 343. It is also held that as to a third person an agency in existence continues until the third person has notice or knowledge of the termination of the agency. 3 Am Jur2d 440, Agency § 34, Stoljar, The Law of Agency, 1961, p 166; Annotation 43 ALR 1219.

■ In this case plaintiff did produce evidence sufficient to justify the trial court's finding that prior to defendant's sale of his business that his employee was a "duly authorized" agent to buy from plaintiff and that plaintiff did not receive notice of the termination of the agency until after the sale of goods in question had been made. This was not a case in which plaintiff attempted to prove the creation of any agency relationship by any form of estoppel. Mechem says:

"So far as third persons are concerned, who can know only that which is open to be learned, they constitute part of the actual authority though commonly included under the description of apparent authority. In other words, so far as third persons are concerned, this apparent authority is included in the real authority. * * *." 1, Mechem, Agency (2d ed, 1914) § 722, p 511.

In the instant case there was evidence to prove that defendant's former employees continued to act with "real authority."

The real factual dispute presented to the court was whether or not defendant had notified plaintiff of the

sale and the consequent termination of the agency. The evidence supports the trial court's finding on the issue.

Affirmed.

MCALLISTER, J., concurs in the result.

## ON PETITION FOR REHEARING

H. William Barlow of Allen, Stortz, Pierson & Barlow, Salem, for the petitioner.

No appearance contra.

PER CURIAM

Defendant has petitioned for rehearing on the ground that we erred in holding that "real authority" and "apparent authority" are the same, and in holding that there was evidence to prove that defendant's employee acted with "real authority."

We recognize the distinction between real and apparent authority. Real authority exists when the agent is expressly authorized by the principal to act or when the actual authority to act can be implied from the facts. In contrast, apparent authority arises when the principal, through words or conduct, leads a third person to the reasonable belief that the agent is authorized to act when, in fact, he is not.

4. Defendant further contends that estoppel is a necessary element of apparent authority. Defendant recognizes that apparent authority as defined by the Restatement of Agency, §§ 8, 159, 292 (1933) is not based upon estoppel,[1] but he argues that the preferable view is to the contrary, relying upon Mechem, Outlines of the Law of Agency 54, 58 (4th ed 1952).

The position taken by the Restatement is explained in the following comment:

"* * * [This position is] based upon the

---

[1] *Accord,* Tiffany on Agency 39 (2nd Powell ed 1925); W. W. Cook, "Agency by Estoppel," 5 Colum L Rev 36 (1905); Seavey, The Rationale of Agency, 29 Yale L J 859, 873 (1920). See also Anglin v. Marr Canning Co., 152 Ark 1, 237 SW 440 (1922); Commercial Credit Co. v. Macht, 89 Ind App 59, 165 NE 766 (1929); Cox, Inc. v. Humble Refining Co., 16 SW2d 285 (Tex Com App 1929).

fundamental theory of contracts, that is: where one manifests to another that he is willing to contract upon specific terms which the other accepts, there is a contract binding upon both parties. In accordance with this basic idea, when a person has made a representation that another is authorized to enter into a particular transaction with a third person and with knowledge of this representation the third person enters into the relation, the situation is precisely the same as if the principal himself had manifested to the third person that he was willing to become a party." Restatement (Second) of Agency Appendix, Reporter's Notes to § 8, p. 42 (1958).[2]

We find this reasoning persuasive. Accordingly, estoppel was not a necessary element of the plaintiff's case.[3]

---

[2] See also, W. W. Cook, "Agency by Estoppel," supra at 46:

"1. A person is always bound by his manifested intention.

"2. One may manifest his intention through another person called an agent.

"3. When, by words or acts, fairly interpreted, one has represented to another person or to the world at large that a certain person is his agent vested with certain authority, he has manifested to such other person or the world at large his intention to be bound by the acts of the agent within the scope of the authority thus represented to exist.

"4. Therefore, when the person to whom this manifestation of the intention has been made has acted upon it by coming to an agreement with the agent acting within his apparent authority, the principal is bound because a contract has been entered into between himself and a third party. Both parties are bound by their manifested intention."

[3] To the extent that dicta in the following cases seems inconsistent with this position, they should be disregarded: Connell v. McLoughlin, 28 Or 230, 234, 42 P 218 (1895); Harrisburg Lumber Co. v. Washburn, 29 Or 150, 163-64, 44 P 390 (1896); Nicholas v. Title & Trust Co., 79 Or 226, 238, 154 P 391, Am Ann Cas 1917A, 1149 (1916); Fine v. Harney County National Bank, 181 Or 411,

■ Defendant further contends that, because plaintiff did not expressly allege apparent authority in his pleadings, his proof of apparent authority constituted a fatal variance. Whether or not the pleadings sufficiently framed the issue of apparent authority, the conduct of the case reveals that both parties recognize it as the major issue in question. Accordingly, defendant was not prejudiced. ORS 16.360; ORS 16.660.

The petition for rehearing is denied.

---

464, 182 P2d 379, 171 ALR 867 (1947); Andrews v. Spencer, Executrix, 193 Or 615, 622, 238 P2d 729 (1952).

The dictum in Start v. Shell Oil Co. and Arntson, 202 Or 99, 111-12, 260 P2d 468 (1953), appears in an opinion which was subsequently withdrawn. Former opinion withdrawn 202 Or 99, 114, 131, 273 P2d 225 (1954).