[No. 44626. En Banc. August 11, 1977.]

SPIRIDON G. LAZOV, ET AL, *Respondents*, v. WILLIAM C. BLACK, ET AL, *Appellants*.

*Donald H. McGavick,* for appellants.

*Burkey, Marsico, Rovai, McGoffin, Turner & Mason,* by *John A. Miller,* for respondents.

UTTER, J.—This case presents one narrow issue. Does the recording of notice of revocation of a power of attorney pursuant to RCW 65.08.130 constitute constructive notice of its termination to third parties, who have previously dealt with the holder of the power as agent for its grantor? We hold recording was sufficient constructive notice and affirm the trial court.

On September 10, 1973, Spiridon Lazov executed a general power of attorney, which was recorded in Pierce County, naming his wife as his attorney in fact. He then left the state and on October 15, 1973, his wife purchased a home on behalf of herself and her husband, by real estate contract, from William and Betty Black, appellants herein. Shortly after purchasing the home, Mrs. Lazov conveyed respondents' interest in the property to Mr. and Mrs. Boyce. Mr. Lazov returned to this state in September 1974, instituted dissolution proceedings and informed his wife of his intention to revoke the power of attorney. During the first week of November 1974, he accepted a quitclaim deed from the Boyces of their interest in the home and on November 7, 1974, revoked the power of attorney held by his wife. The revocation instrument was recorded the next day in Pierce County. He thereafter attempted to obtain possession of the home but discovered the appellants had taken possession of it without his consent and were demanding payment in full of the entire balance of the real estate contract before they would surrender the premises. On November 18, 1974, appellants mailed a notice of termination of the real estate contract to the Boyces and

Lazovs at the address of the home here at issue. Appellants next, on November 19, 1974, sought out Mrs. Lazov, who was separated from her husband, and convinced her to convey both her and her husband's interest in the home to them by quitclaim deed. She signed the deed on November 19, 1974, on her behalf and as her husband's attorney in fact.

The trial court found the notice of forfeiture inadequate, which appellants do not challenge on appeal, and also found the quitclaim deed executed by Mrs. Lazov, purporting to convey the community interest to appellants, void. The trial court concluded the power of attorney executed by Mr. Lazov had been revoked and that appellants had notice of revocation as a matter of law by virtue of recording of the revocation prior to the execution by Mrs. Lazov of the quitclaim deed.

Generally, termination by a principal of an agency relationship is not effective as to the agent and third parties who have previously dealt with the agent in that capacity until notice of the termination of the relationship is conveyed to them. *McDonald v. Wockner*, 44 Wn.2d 261, 267 P.2d 97 (1954); *Parker v. Advance Thresher Co.*, 75 Wash. 505, 135 P. 229 (1913); *Cascade Warehouse Co. v. Dyer*, 256 Ore. 377, 471 P.2d 775 (1970).

 The effect of recording a power of attorney is determined by statute in this state, however, and the general rule otherwise applicable in the absence of a statute is not controlling. RCW 65.08.130 provides: "A power of attorney or other instrument recorded pursuant to RCW 65.08.060 through 65.08.150 is not deemed revoked by any act of the party by whom it was executed unless the instrument of revocation is also recorded in the same office in which the instrument granting the power was recorded." The trial court found and the record substantiates the fact that this statute was complied with. While RCW 65.08.130 does not expressly provide recording constitutes constructive notice to third parties of termination of the previously existing agency relationship, this is provided for in other statutes. A

"conveyance" for purposes of the recording statute is defined as a "written instrument by which . . . title to any real property may be affected, including an instrument in execution of a power, although the power be one of revocation only . . ." RCW 65.08.060(3). The effect of recording a conveyance is expressed in negative terms in RCW 65.08.070[1] but its meaning is nonetheless clear. The recording of a "conveyance" is notice to subsequent purchasers of the interest which it creates. *Kendrick v. Davis,* 75 Wn.2d 456, 452 P.2d 222 (1969); *Strong v. Clark,* 56 Wn.2d 230, 352 P.2d 183 (1960).

We have previously held in *Adams v. Mignon,* 197 Wash. 293, 298, 84 P.2d 1016 (1938), that the legislative purpose in enacting RCW 65.08.070 was "to give greater stability to land titles, by authorizing prospective purchasers or encumbrancers to rely upon the title as disclosed by the record." We also noted in that case "[t]he method to be followed in revoking a power of attorney is provided by the act, and affords one who has executed such a power an easy method by which the same may be rendered void from the date the instrument of revocation is recorded."

The conclusion that recording an instrument of revocation is sufficient notice to third parties is supported by the holdings of cases in other jurisdictions. *Chain v. Pye,* 429 S.W.2d 630 (Tex. Civ. App. 1968); *Williams v. Birbeck,* 1 Hoff. Ch. 359 (N.Y. 1840); *Appalachian Trail Ranch, Inc. v. Bell,* 8 Cum. L.J. 72 (1957). The sole contrary holding revealed by our research is *Best v. Gunther,* 125 Wis. 518, 104 N.W. 82 (1905), and its holding is premised upon a failure of their statute to define "conveyance" as including an instrument creating or revoking a power of attorney.

---

[1] "A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record." RCW 65.08.070.

RCW 65.08.060, as we have previously noted, specifically defines "conveyance" in language broadly inclusive of a revocation of a power of attorney. The *Best* case is therefore not in point.

Appellants' remaining arguments are without merit. The judgment of the trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.