### H. S. HUBBY v. C. A. HARRIS ET AL.

(Case No. 2035.)

1. PAUPER'S OATH.— A pauper's oath made under the statute performs all the functions of a bond for costs in keeping a cause in court; if defective in form and substance, that defect should be pointed out in any motion made to dismiss the cause for insufficiency in the affidavit.
2. SAME.— An affidavit embodying the oath of a pauper plaintiff, made under the statute, as to the pauper's inability to give security for costs, which, in describing the cause, gave the proper name of the plaintiff and the proper name of one of the defendants, omitting the name of another defendant, was sufficient, being regular in other respects, and the cause should not have been dismissed on motion which pointed out no defect in the affidavit.

APPEAL from Waller. Tried below before the Hon. Wm. H. Burkhart.

This was a suit by appellee to recover a tract of land, the issues formed in which it is not necessary to give in view of the opinion.

*Presley K. Ewing*, for appellant, cited: Holshausen *v.* Hollingsworth, 32 Tex., 86; Houston *v.* Sublett, 1 Tex., 523; Houston *v.* Roberts, 10 Tex., 349; Hickey *v.* Rhine, 16 Tex., 576; Brooks *v.* Hicks, 20 Tex., 666; Cook *v.* Beasley, 1 Tex., 591; Hays *v.* Cage, 2 Tex., 501; Herndon *v.* Rice, 21 Tex., 459; 1 Tidd, Pr., 534; Bishop's Contracts, sec. 655.

*T. S. Reese*, for appellee, cited: Rev. Civil Stats., arts. 1241, 1453; Cook *v.* Beasley, 1 Tex., 591; Pierson *v.* Burney, 15 Tex., 272; Cook *v.* Ross, 46 Tex., 263; Hays *v.* Cage, 2 Tex., 501.

WILLIE, CHIEF JUSTICE.— The transcript shows the following state of case: The plaintiff below was required by the district clerk to give security for costs, and in lieu of a bond filed a pauper's oath. This occurred in September, 1880, and the affidavit was accepted by the clerk, or filed with the papers of the cause, which amounted to the same thing. This affidavit was entitled H. S. Hubby

v. I. W. Nooner, but was indorsed Hubby v. Harris.  The suit was brought by Hubby against both Harris and Nooner as well as other defendants, and no objection was ever made by the clerk, or any one else, so far as the record shows, to the affidavit for a misdescription of the suit.

At the October term, 1881, a motion was made by the defendants that the plaintiff give security for costs, of which motion notice was given to the plaintiff's attorney.

At the next term, viz., on April 7, 1882, a motion was entered to dismiss the cause for want of security for costs.  On the 10th of the same month, the cause coming on for trial, the motion was called to the attention of the court, and the cause dismissed for want of compliance with the rule for costs.  The plaintiff at the same time offered to amend his affidavit, but this was refused by the court.  A bill of exceptions was reserved to the ruling of the court dismissing the cause, and a motion to reinstate was also entered.  It seems that with this motion, and as part of it, was filed a new affidavit as to inability to pay costs or give security therefor.  The motion to reinstate was denied, a bill of exceptions taken to this ruling of the court, and the cause is here upon appeal from the judgment of the court in dismissing the cause and refusing to reinstate it.

It is apparent that there was on file, at the time the motion for security for costs was made, in October, 1881, and also when the suit was dismissed, an affidavit sufficient under the statute to retain the cause in court.  The motion to dismiss set up no objection to the affidavit, nor did it state that the plaintiff was able to give security, nor allude to the affidavit in any manner whatever.  Even if it had urged as an objection that the case was not so fully stated in the caption of the affidavit as it should have been, the objection would not have amounted to anything, and the defect was one that the plaintiff should have been allowed to cure by amendment. Had the plaintiff filed a cost bond instead of a pauper's oath, the suit could not have been dismissed except for some cause entitling the defendant or officers of court to a new bond; and of this the plaintiff should have been duly informed.  A motion requiring a new bond would not have amounted to such notice, unless the grounds upon which the motion was based were stated.  To any motion which did not attack the sufficiency of the bond, the bond itself would have been a sufficient answer.  And so with an affidavit.  This performs all the functions of a bond in keeping the case in court; and unless it should be deemed insufficient (and, if so, this should be alleged in the motion), the affidavit will still serve

the purpose of defeating a dismissal of the suit. We think, there-fore, that as no objections were urged to the original affidavit, in the motion for security for costs, and as that affidavit seems to be in strict conformity with the statute, the plaintiff was excusable for not filing a new oath, which would have been no more than a repe-tition of the one already in court. The court therefore erred in dismissing the suit, and for this error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 16, 1885.]