## Munzesheimer & Klein v. Otto Heinze & Co.

### No. 6381.

1.  **Affidavit for Attachment—Identity of Parties.**—An affidavit full and regular in other respects filed with a petition and bond for attachment, and at the same time entitled with the firm names of the parties, thus, "Otto Heinze & Co. v. Munzesheimer & Klein," sufficiently identifies the defendants to support the writ of attachment against them.

2.  **Bond—Signed by a Firm.**—An attachment bond regular in other respects and signed in the firm name of the plaintiffs, who compose a business partnersnip, the signature appearing to have been made by an agent, will support the attachment. Motion to quash for want of sufficient bond was properly overruled.

Error from Lamar.    Tried below before Hon. H. O. Head.
The opinion states the case.

*H. D. McDonald,* for plaintiffs in error. — 1.    The attachment should have been quashed because the affidavit for attachment, which was on a separate piece of paper from the petition, wholly disconnected therewith, and in no way referring thereto, did not identify the cause in which it was filed, and did not show who were the plaintiffs therein.    Gray v. Steedman, 63 Texas, 95; Barker v. Smith, 41 Mich., 138; Rohrbough v. Leopold, 68 Texas, 254.

2.    The bond for attachment was insufficient because the individuals alleged to compose the firm of Otto Heinze & Co. did not in any manner bind themselves by the terms of said bond

*Dudley & Moore,* for defendants in error. — 1.    The statute does not require the affidavit to be on the same piece of paper with the petition, nor does it require the affidavit to refer to the petition; all the law requires is that the affidavit shall state that the defendant is justly indebted to the plaintiff, and the amount of the demand, the grounds of the attachment, that the same is not sued out for the purpose of injuring or harrassing the defendant, and that the plaintiff will probably lose his debt unless such attachment is issued.    Rev. Stats., art. 152; Gray v. Steedman, 63 Texas, 98; Pinson v. Kirsh, 46 Texas, 28; Whitmore v. Wilson, Posey's U. C., secs. 776–8.

2.    The principals or plaintiffs on an attachment bond are bound whether they sign individually or in the firm name.    They being the plaintiffs in the suit to collect a firm debt it is strictly within the scope of the partnership, and the act of one partner is the act of all, and binding upon all.    Gray v. Steedman, 63 Texas, 96; Messner v. Lewis, 20 Texas, 221; Drake on Att., sec. 136.

Gaines, Associate Justice.—This was an attachment suit brought by appellees against appellants.    The only ruling complained of in this

court is the refusal of the court below to quash the writ of attachment upon motion of defendants.

The first ground of the motion was that the affidavit for the attachment did not identify the cause and did not show the names of the plaintiffs on whose behalf it was made. The affidavit begins as follows:

" *The State of Texas, Lamar County*—Otto Heinze & Co. v. Munzesheimer & Klein.—Before the undersigned authority this day personally appeared Alexander Bernheimer, who being duly sworn says he is the agent of the plaintiffs in the above entitled cause, and that the defendants Max Munzesheimer and Larry Klein, doing business under the firm name of Munzesheimer & Klein, are justly indebted to plaintiffs," etc.

We think the name of the case at the head of the affidavit shows with reasonable certainty who were the plaintiffs intended to be designated. The body of the affidavit gives the individual as well as the firm names of the defendants, and describes them as partners and as defendants in the suit.

The practice is universal in giving the title of a suit to state the names of the parties as they are stated in the affidavit in this case—the first names being those of plaintiffs and the latter those of defendants. It follows that we know as well from the affidavit who the parties to this suit are as if it had read Otto Heinze & Co., plaintiffs, against Munzesheimer & Klein, defendants. The affidavit also sufficiently identifies the suit. It corresponds with the petition in the names of the parties and the amount claimed, and is filed on the same day as the petition and bond. They must be presumed to have been filed together. The objection to the affidavit was not well taken.

The second ground of the motion to quash the writ was that the bond was insufficient because signed in the plaintiffs' firm name. The signature is " Otto Heinze & Co., by Alex. Bernheimer, agent." The precise question here presented arose in Messner v. Lewis, 20 Texas, 221, and it was there held that the bond was good. In Donnelly v. Elser, 69 Texas, 282, it was decided that the fact that the name of a partnership appeared as sureties upon a bond, there being another surety, did not render it void. If a partnership signature be good as a surety, for a stronger reason it ought to be good when signed as principals. In the latter case either partner has power to sign the firm name to the bond so as to bind all, while in the former the partners who do not sign are not bound unless they give their consent.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 7, 1889.