## RULE MERCANTILE CO. v. OPRY.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 10, 1914.)

JUSTICES OF THE PEACE (§ 86*)—AMENDMENT OF WRIT—SIGNATURE OF JUSTICE.

Where a writ of attachment was properly dated, and the date of its issuance was indorsed on the back thereof and signed on the back by the issuing justice, the writ could be amended by having the justice's signature affixed to the face of the writ, if that were necessary.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 280–294; Dec. Dig. § 86.*]

Appeal from Haskell County Court; A. J. Smith, Judge.

Action by the Rule Mercantile Company against Alston Opry, aided by attachment. From a judgment quashing the writ of attachment and entering judgment for plaintiff only for the debt with foreclosure of a mortgage, plaintiff appeals. Reformed and affirmed.

H. G. McConnell, of Haskell, Gordon B. McGuire, of Dallas, and Theodore Mack, of Ft. Worth, for appellant. W. H. Murchison, of Haskell, for appellee.

CONNER, C. J. The appellant company instituted this suit against the appellee in a justice's court of Haskell county upon a promissory note due December 1, 1910, for the sum of $125, with interest at 10 per cent. from its date and attorney's fees. The plaintiff in the suit also sought the foreclosure of a chattel mortgage upon a buggy given to secure the notes sued upon, and at the time of the institution of the suit also caused the issuance of a writ of attachment, which was levied upon certain horses described in the return. Upon a trial in the justice's court no defense appears to have been made to a recovery upon the note, or in opposition to a foreclosure of the mortgage lien. Appellee, however, moved to quash the attachment proceedings upon the ground, briefly, that the writ of attachment had not been signed by the justice issuing it, and that the return of the officer who levied the writ had been signed merely as deputy, without affixing the signature of the sheriff for whom he so acted. An objection to the bond was also made in that the date of its filing among the papers of the cause had not been indorsed thereon. The justice of the peace, as appears from the record, permitted the plaintiff in the suit to obviate the defects suggested by amendment, and entered judgment for the plaintiff for the debt as sued upon and foreclosing both the mortgage and the attachments liens, whereupon the appellee appealed to the county court. In the county court the motion to quash the attachment proceedings was renewed, and that court permitted the deputy who had executed the writ of attachment to amend his return by affixing thereto the signature of his principal, the sheriff of Haskell county, but declined to permit the amendment of the writ of attachment which had been made by the justice below in affixing his signature on the face of the writ. The county court thereupon sustained the motion to quash the writ of attachment, and entered judgment for the appellant herein for its debt as sued upon, with a foreclosure of the mort-

gage lien, but denied the foreclosure of the attachment lien. The ruling of the county judge in quashing the writ of attachment appears to be the only material question presented for our consideration.

We think the county judge erred in declining to permit the amendment sought by appellant, and in quashing the writ of attachment. The writ was in due form. It was properly dated, and the date of its issuance indorsed on the back, and there signed by the justice of the peace who issued it. The only ground for objection was that the writ had not been signed by the justice at its conclusion on the face of the writ. While the statute (Revised Statutes 1911, art. 251) requires that the writ of attachment be dated and attested as other writs, there is no specific direction that it shall be authenticated by the officer's signature at the conclusion of the writ, and we think the signature of the justice formally affixed upon the back of the writ was sufficient to authenticate the writ, it being otherwise regular, and having been delivered by the justice to the officer who executed it. At least the plaintiff's motion to amend the writ by having the justice affix his signature on its face, as was in fact done in the justice's court, should have been permitted. Munzesheimer & Lein v. Heinze & Co., 74 Tex. 254, 11 S. W. 1094; First Natl. Bank of Cleburne v. Graham, 22 S. W. 1101; Ryan v. Goldfrank, Frank & Co., 58 Tex. 356; Arnold v. Kreissler, 22 Tex. 581.

We conclude that the judgment should be reformed and here affirmed in appellant's favor for the debt, interest, and attorney's fees as recovered below, together with a foreclosure, not only of the mortgage lien, as adjudged below, but also of the attachment lien as prayed for, together with all costs of the court below and of this court.