## TEXAS DRUG CO. v. FIRST STATE BANK OF HERMLEIGH. (No. 17.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925.)

**1. Garnishment** ⊜⟫93—Writ not invalidated for failure of clerk to enter proper county after her signature.

Clerk's failure to enter proper county after signature in writ of garnishment involves purely a ministerial act as which writ is subject to amendment, and hence not invalid in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 277, where it was otherwise regular and in compliance with the law and garnishee was served, had notice of nature of suit, and court called on it to answer.

**2. Appeal and error** ⊜⟫1177(2) — Judgment quashing writ of garnishment will be reversed and remanded, where garnishee filed no answer.

Judgment, quashing writ of garnishment for clerk's failure to enter proper county after her signature, when writ was otherwise regular and in compliance with the law, and court should have instructed an amendment, will be reversed and remanded, where garnishee filed no answer in garnishment.

Appeal from Scurry County Court; H. L. Holley, Judge.

Action by the Texas Drug Company against R. S. Ragsdale and another, with the First State Bank of Hermleigh as garnishee. Judgment for plaintiff, and, from judgment quashing writ of garnishment, plaintiff appeals. Reversed and remanded.

Smith & Harris, of Snyder, for appellant.
W. W. Hamilton, of Snyder, for appellee.

RIDGELL, J. This suit was brought by appellant in the county court of Scurry county, against R. S. Ragsdale and Boyd Y. Rea. The appellant at the same time sued out a writ of garnishment against the First State Bank of Hermleigh. In the original suit, plaintiff sought judgment for $307.83. On July 14, 1924, appellant obtained a default

---

⊜⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment against Ragsdale and Rea, and thereafter the appellant filed a motion for judgment against appellee alleging that appellee had been duly served with a writ of garnishment and had failed to answer therein. The appellee filed a motion to quash the writ of garnishment alleging that the writ purports to have been issued by the .county court of Nolan county, when the said proceedings were pending in Scurry county, Tex. The trial court sustained the motion of appellee and quashed the writ of garnishment, and the suit is brought before this court for review.

### Opinion.

By assignment of error No. 1, appellant assigns error in the court overruling his motion for a judgment, but it will not be necessary for the disposition of this case to consider only assignment of error Nos. 5 and 6, as they relate to the error of the court in sustaining the motion of appellee to quash the writ of garnishment. The fourth assignment of error being as follows:

"The court erred in holding that the writ of garnishment, otherwise regular, was fatally defective because it was signed 'Kate Cotton, County Clerk, Nolan County;' the writ bearing the seal of the county clerk of Scurry county, Tex., and Kate Cotton being in reality the county clerk of Scurry county."

[1] Article 277, Vernon's Sayles' Texas Statutes provides:

"The writ of garnishment shall be dated and attested as other writs, and may be delivered to the sheriff .or constable by the officers who issued it, or he may deliver it to the plaintiff, his agent or attorney, for that purpose."

The writ of garnishment in this case was in all respects regular. and in compliance with the law, except the county clerk in signing the writ indorsed same as the county clerk of Nolan county, when in fact she was the clerk of Scurry county. The writ bore the seal of the county court of Scurry county, Tex. The writ was indorsed on the back, issued February 14, 1924, "Kate Cotton, Clerk," and filed same date by Kate Cotton, clerk of Scurry county, Tex. At most, the failure of the clerk to enter the proper county after her signature would be purely a ministerial act and subject to amendment. In the case of Rule Mercantile Co. v. Opry (Tex. Civ. App.) 163 S. W. 331, the writ of attachment was properly dated, and the date of its issuance was indorsed on the back thereof and signed on the back by the issuing justice, but the justice of the peace had neglected to sign his name at the conclusion on the face of the writ. The court in that case very properly held that, while the writ of attachment must be dated and attested as other writs, there is no specific direction

that it shall be authenticated by the officers at the conclusion of the writ, and at least. the plaintiff's motion to amend the writ by having the justice affix its signature on the face as was done, should have been permitted.

[2] In the suit of Dickinson v. First State Bank of Blackwell et al. (Tex. Civ. App.) 185 S. W. 674, the appellee filed a motion to quash, among other grounds, that there was a variance between the writ of garnishment and the amount stated in the affidavit. The court concludes that this was evidently a mistake on the part of the clerk for which the plaintiff in error was not responsible, holding further that the affidavit is a foundation of the suit against garnishee, and that the matter could be treated as surplusage. The appellant in this case was served, had notice of the nature of the suit, and the court called upon to answer, and it would be doing violence to justice to deprive appellant. of its legal right on account of the failure of the clerk to do a ministerial act. The motion to quash should have been overruled. The court should have instructed an amendment and, on account of the fact that appellee filed no answer in garnishment, we are persuaded to reverse and remand this cause.