## FORT WORTH WAREHOUSE & STORAGE CO. v. MADDOCKS.

### No. 763.

Court of Civil Appeals of Texas. Eastland.

Nov. 21, 1930.

Rehearing Denied Dec. 19, 1930.

Leachman & Gardere and Collins & Houston, all of Dallas, for appellant.

Pearson & Flewellen, of Ranger, for appellee.

HICKMAN. C. J.

The appeal is from an order overruling appellant's plea of privilege to be sued in Tarrant county, the county of its residence. Among the grounds upon which the controverting plea sought to sustain venue in Eastland county was the following: .

"Because this defendant, Ft. Worth Warehouse & Storage Company, is a private corporation, and has an agency or representative in Eastland County, Texas. where plaintiffs' cause of action arose and in which this suit was filed and is now pending."

■ This was one of the grounds sustained by the trial court. Since we are of opinion that this ground was properly sustained, it is not necessary to determine whether there was error in the action of· the court in sustaining other grounds.

Article 1995, subd. 23, R. S. 1925, provides, in substance, that suits against a private corporation may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation has an agency or representative. It was established by the evidence that the appellant had an agency or representative in Eastland county, and that the automobile accident, which was the basis of the suit, happened in that county. It is here presented that the evidence was insufficient to establish the fact that appellant is a private corporation. The question arose in this manner:

Upon the trial of the plea of privilege issue, appellee offered in evidence the plea of privilege filed by appellant, for the purpose of showing that appellant was a private cor-

poration. Thereafter, and before judgment was pronounced by the court, counsel for appellant moved to strike said plea from the record on the ground, among others, that a certified copy of the charter of appellant, if such existed, would be the best evidence of its corporate existence, and that therefore the plea of privilege was not the best evidence of the fact sought to be established by its introduction.

The affidavit to the plea of privilege was in this language:

"Before me, the undersigned authority, on this day personally appeared L. C. Abbott, Vice-President of the Fort Worth Warehouse and Storage Company, a private corporation, who on oath stated that said corporation is a defendant in the above mentioned cause, and that the foregoing plea and every statement and allegation therein are true, and that he is authorized to make this affidavit for and on behalf of said corporation.

"[Signed]                    L. C. Abbott.

"Sworn to and subscribed before me, this 23d day of Nov., A. D. 1929. [Signed] Jno. E. Gandy, Notary Public in and for Tarrant County, Texas. [Notary Seal.]"

■ This affidavit was an essential part of the plea of privilege, without which there would have been no issue before the court for determination. If there should be stricken from this affidavit as surplusage the statement that Abbott was the vice president of appellant, and that appellant was a corporation, then there would be no authority whatever shown for Abbott to make the affidavit, and the record would present a situation where a plea of privilege was filed by one not a party to the suit, and whose connection with the real defendant was not shown. To hold that the plea of privilege (which, as stated, necessarily includes the affidavit) is a denial of the corporate existence of appellant, is to hold that contradictory statements in a pleading are to be construed as alleging a fact favorable to the pleader's case. Such a holding would be contrary to established rules. It is our opinion that the plea of privilege should not be construed as a denial of the corporate existence of appellant. Subject to one, or possibly more, exceptions not applicable here, the allegations in a pleading which, but for same, would require proof by the adverse party, need not be proved, but are treated as established facts. It was therefore not necessary even to introduce the plea of privilege in evidence. Ogden et al. v. Bosse, 86 Tex. 336, 24 S. W. 798.

■ Appellant relies upon the case of Bain Peanut Company of Texas v. Pinson & Guyger (Tex. Civ. App.) 273 S. W. 655. Regardless of whether we might concur in the conclusions announced in that case, we think the question here presented is distinguishable from the one there decided. In that case the plea of privilege offered in evidence was not the one upon which the issue was being tried, but was an abandoned plea, which had been superseded by an amended plea. The pleading upon which the issue being tried in that case was joined did not disclose on its face that the defendant was a corporation. It was therefore held that the plea of privilege was a denial of corporate existence. In this case it is our opinion that the plea of privilege was not a denial of that fact, and we therefore hold that the trial court correctly overruled the motion to strike the plea from the record.

■ The general demurrer of appellant to the controverting plea was properly overruled. We agree that some of the grounds relied upon to sustain venue were not sufficiently pleaded, but the demurrer went to the whole, and that portion above copied was clearly not subject to a general demurrer.

The judgment of the trial court will be affirmed.

LESLIE, J., did not participate in this decision.