## SOUTHLAND GREYHOUND LINES, Inc., v. TAGGART.

### No. 7963.

Court of Civil Appeals of Texas. Austin.

March 7, 1934.

Tyler, Hubbard, Countess & White, of Belton, for appellant.

John B. Daniel, of Temple, for appellee.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant to be sued in Bexar county, where its principal office or place of business is located. Appellee's suit was for personal injury damages resulting from a collision of an automobile in which he was riding with a motorbus owned and operated by appellant. Appellee duly controverted the plea of privilege and maintained venue in Bell county under subdivision 23 of article 1995, which provides that "suits against a private corporation * * * may be brought in any county in which * * * such corporation * * * has an agency or representative." The controverting affidavit and appellee's petition which was made a part thereof by reference, both alleged that appellant was a private corporation and maintained a local office in the city of Temple, Bell county, Tex., with B. Bradley as its local agent or representative in charge.

The evidence on the venue hearing showed that appellant rented a building in the said city of Temple, which it used as a passenger depot and ticket office; that B. Bradley was in charge of the office and sold tickets which appellant honored on its bus lines. No testimony was offered to show that appellant was a private corporation.

It is the contention of appellant that since appellee failed to prove that it was a corporation, the court erred in overruling its plea of privilege. The pleadings on the venue issues, particularly the plea of privilege itself, admitted that appellant was a private corporation; and the rule is settled that a fact admitted in pleadings need not be proved, which rule applies to pleas of privilege. Ogden v. Bosse, 86 Tex. 336, 24 S. W. 798; Ft. Worth Warehouse & Storage Co. v. Maddocks (Tex. Civ. App.) 33 S.W.(2d) 227; Miller v. Valley Building & Loan Ass'n (Tex. Civ. App.) 29 S.W.(2d) 865; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114.

Appellee sued "Southland Greyhound Lines, Inc., defendant," in the district court of Bell county, Tex., alleging "that defendant is a private corporation duly incorporated

245

under and by virtue of the laws of the State of Texas, and that it is a common carrier engaged in transporting passengers for hire and operates motor busses over many of the highways of this State, and particularly over the highways between the cities of Ft. Worth and San Antonio, and in and through Bell County, Texas, and has and maintains a local office in the City of Temple, Bell County, Texas, with B. Bradley as its local agent in charge." Appellant filed its plea of privilege in statutory form, the caption reading as follows:

"Frank Taggart v. Southland Greyhound Lines, Inc.

"No. 20244.

"In the District Court of Bell County, Texas."

The plea of privilege began, "Now comes the defendant, Southland Greyhound Lines, Inc., by Clem C. Countess, its duly authorized attorney of record, in the above entitled and numbered cause"; and alleged (1) that "this defendant is not now and was not at the institution of this suit" a resident of Bell county; "but that defendant's principal office and place of business is now and was at the time of service of process on this defendant" in the city of San Antonio, Bexar county, Tex.; and (2) "that no exception to exclusive venue in the county of one's residence provided by law exists in said cause." The "defendant" prayed that "the above cause be transferred" to Bexar county; and the plea of privilege was signed, "Clem C. Countess, Attorney for defendant, Southland Greyhound Lines, Inc." The affidavit appended to the plea of privilege recited that "on this day personally appeared Clem C. Countess, attorney of record for Southland Greyhound Lines, Inc., defendant in the above entitled and numbered cause," and was signed, "Clem C. Countess, attorney for defendant," and was sworn to and subscribed before a notary public.

The only "defendant" named in the petition of appellee was "Southland Greyhound Lines, Inc. * * * a private corporation." Appellee could only recover of and from "defendant, Southland Greyhound Lines, Inc., a private corporation." No other person or legal entity was made a party to the suit. The caption to the plea of privilege identified the parties to the suit as Frank Taggart and Southland Greyhound Lines, Inc., and identified the number of the suit and the court in which the suit or proceeding was pending. The purpose of a caption in a judicial proceeding is to identify the parties to the suit or proceeding and the court in which the suit or proceeding is pending. The rule is well set-

tled that where an affidavit is required in the course of a judicial proceeding, good practice requires that it have a caption specifying the parties and the cause or proceeding; and the test applied in determining the sufficiency of the caption is whether the affidavit is identified sufficiently to support a conviction for perjury based thereon in' case of its falsity. Munzenheimer v. Manhattan Cloak Co., 79 Tex. 318, 15 S. W. 389; Munzesheimer & Klein v. Heinze & Co., 74 Tex. 254, 11 S. W. 1094; Hubby v. Harris, 63 Tex. 456; 2 Tex. Jur. 353, § 15. The use of the abbreviation, "Inc.," as a part of the name of the defendant in the caption as well as in the body of the plea of privilege, and the affidavit appended thereto, is usually interpreted as identifying and designating the defendant named as a corporation. In 37 C. J. 371, the term "Inc." is defined as "an abbreviation for incorporated." Volume 2, Words & Phrases, Second Series, p. 1000; Van Norden Trust Co. v. Rosenberg, 62 Misc. 285, 114 N. Y. S. 1025. Manifestly this interpretation must be given the abbreviation, "Inc.," in the instant case where appellee's petition alleged that the only defendant sued was Southland Greyhound Lines, Inc., a private corporation; and appellant admitted by its pleadings that it is the "defendant" sued in the "above entitled and numbered cause." The language, "now comes the defendant, Southland Greyhound Lines, Inc., by Clem C. Countess, its duly authorized attorney of record in the above entitled and numbered cause," as used in the body of the plea of privilege, also admitted that appellant is and was the defendant corporation named in appellee's petition and suit. In the prayer for relief appellant admitted that it was the "defendant" named, and prayed "that the above suit be transferred" in accordance with its plea of privilege, which was signed: "Clem C. Countess, Attorney for Defendant, Southland Greyhound Lines, Inc." The affidavit appended to the plea of privilege which recited that "on this day personally appeared Clem C. Countess, attorney of record for Southland Greyhound Lines, Inc., defendant in the above entitled and numbered cause," necessarily admitted the appellant was the defendant corporation named and sued by appellee in the pending suit. It is manifest from the foregoing pleadings that counsel for appellant did not intend to swear that appellant was not a corporation, but intended by such pleadings and affidavit to admit that it was the corporation named in appellee's petition and suit.

But appellant contends that since its plea of privilege was in statutory form and alleged

that "none of the exceptions to exclusive venue in the county of its residence exists in this cause," it amounted to a denial under oath that appellant was a corporation; and that appellee was therefore required to prove (1) that appellant was a private corporation; and (2) that it had a local agent or representative in Bell county, in order to sustain venue there. As supporting this contention appellant cites the case of Poynor v. United Producers' Pipe Line Co. (Tex. Civ. App.) 9 S.W.(2d) 425, 426, which holds, as does many other cases, "that, giving full effect to the statute, * * * a plea of privilege itself constitutes a denial of every fact that would authorize a suit to be maintained in the county where brought, and that this would include the burden of proving the fact of incorporation of the company, if such were material on the question of venue." This rule is not contrary to the rule applied in the instant case, to the effect that where the plea of privilege itself, taken in connection with the petition of appellee, constitutes an admission by pleadings of the corporate existence of appellant, no proof of the fact is necessary. The Poynor Case recognized this rule when applicable to the facts of the record; and the same court later held in the case of Ft. Worth Warehouse & Storage Co. v. Maddocks (Tex. Civ. App.) 33 S.W.(2d) 227, 228, that the affidavit appended to the plea of privilege was a part of it; and that where such affidavit recites or states that defendant named in the suit was a corporation, the plea of privilege in statutory form "should not be construed as a denial of the corporate existence" of the defendant. The court further held as follows:

"To hold that the plea of privilege (which, as stated, necessarily includes the affidavit) is a denial of the corporate existence of appellant, is to hold that contradictory statements in a pleading are to be construed as alleging a fact favorable to the pleader's case. Such a holding would be contrary to established rules. It is our opinion that the plea of privilege should not be construed as a denial of the corporate existence of appellant. Subject to one, or possibly more, exceptions not applicable here, the allegations in a pleading which, but for same, would require proof by the adverse party, need not be proved, but are treated as established facts. It

was therefore not necessary even to introduce the plea of privilege in evidence. Ogden et al. v. Bosse, 86 Tex. 336, 24 S. W. 798."

To the same effect is the holding of this court in the case of Vilbig Motor Freight Lines, Inc., v. Jenness (Tex. Civ. App.) 34 S.W.(2d) 684, where it was held that if the fact of the corporate existence of the defendant is established as a matter of record, the order overruling the plea of privilege will not be reversed for failure to prove that the defendant was a private corporation; and that the record showed defendant to be a corporation where it prosecuted the appeal in its corporate capacity.

■ In the instant case both the plea of privilege and the affidavit appended thereto say that appellant is the defendant corporation named in appellee's petition and suit, and no good reason exists why this court should gainsay that fact; nor place upon appellee the unnecessary and useless burden of proving a fact which the pleadings admit. Nor does the language, "no exception to exclusive venue in the county of one's residence provided by law exists in this case," as used in the plea of privilege and the statute, amount to a denial (in view of the pleadings admitting that fact) under oath of the corporate existence of appellant. To so construe the language would permit appellant to blow hot and cold in the same pleadings, because the aforementioned language of the plea of privilege and the affidavit appended thereto, taken in connection with appellee's petition and suit, clearly states or admits that appellant is the defendant corporation named in appellee's petition and suit; and from the language used it is manifest that counsel who made the affidavit not only intended to admit, but to positively swear that appellant was the defendant corporation named in appellee's petition and suit. And since appellant thus admitted its corporate existence as alleged in appellee's petition, the allegation that "no exception to exclusive venue," etc., merely put in issue the question of whether appellant had a local agent or representative in Bell county, which fact appellee sufficiently proved on the venue hearing.

The judgment of the trial court will be affirmed.

Affirmed.