**GENERAL MOTORS ACCEPTANCE COR-
PORATION v. LEE.**

No. 13800.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 30, 1938.

Rehearing Denied Nov. 4, 1938.

Henry P. Edwards, of Dallas, for appellant.

T. H. Yarbrough, of Bowie, for appellee.

SPEER, Justice.

Plaintiff, George S. Lee, sued defendants, General Motors Acceptance Corporation, the Edwards Motor Company, and F. O. Edwards, who was also alleged to be the sole owner of Edwards Motor Company and the agent in Montague County of the defendant, General Motors Acceptance Corporation, seeking to recover of all the defendants damages resulting from the breach of a contract.

It will be more convenient for us to refer to plaintiff, George S. Lee, as appellee, to General Motors Acceptance Corporation as appellant, and to defendant, Edwards, by his own name.

Appellee, by his petition, charged that on about August 10, 1936, he and another purchased a truck in Montague County, Texas, from defendant, Edwards, for which he agreed to pay $960, and an additional sum of $125.80, to cover interest on deferred payments and the premium on a fire insurance policy on the truck for a period of one year. Allegations were made that Edwards, as the agent of appellant (Acceptance Corporation), had appellee to execute and deliver to him a contract, at the time the sale was consummated, by which the amount remaining unpaid after the cash payment was made, was divided into sixteen installments of $46.03 each, all payable to appellant at Dallas, Texas, and that said sales contract provided that the seller should have the right to purchase fire insurance policies on the truck, at the expense of the buyer; that in the note or sales contract appellee was required to pay the amount of premium on such policy of insurance; that although appellee had paid the premium therefor, no such policy was ever purchased by either Edwards or appellant, and that the car burned in March, 1937, within less than one year from the date of its purchase. Appellee sought to recover the amount of his loss from the defendants for having failed to carry out the contract and purchase the insurance.

Appellant filed its plea of privilege to be sued in Dallas County, the place of its domicile. The plea of privilege was timely contested by the sworn plea of appellee, in which he claimed venue of the district court of Montague County, upon the grounds (a) that appellant being a corporation, it had and maintained an agent and representative in said county, at the time the transactions were had out of which this suit grew and had maintained such

agent at all times since, in the person of Edwards; (b) all of said transactions were had with said agent in Montague County and that the cause of action arose there; (c) that said Edwards sold said truck to appellee in Montague County, accepted the premiums for said fire insurance policy, remitted same to appellant, and promised personally to purchase said insurance, but failed to do so, as more fully set out in plaintiff's petition which is referred to and made a part of the controverting affidavit. The controverting affidavit does not specifically mention the exceptions under R.C.S. Art. 1995 relied upon by him for venue, but by the allegations made they are sufficiently alleged to be numbers 4 and 23 of that article.

No demurrers were urged to the sufficiency of the controverting affidavit and we consider they are specific enough to meet the requirements of the statute.

The trial court overruled the plea of privilege, from which order the General Motors Acceptance Corporation has appealed.

We think the evidence was sufficient to support the judgment relating to the corporate existence of appellant and that it had an agent in Montague County as well also that the cause of action, or a part thereof, arose in that county.

If we are right in this conclusion, the other ground urged by appellee becomes immaterial, and does not require a discussion or determination of it by us. Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; De Shong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766.

Exception No. 23, under general venue statute Article 1995, reads in part as follows: *"Corporations and associations.—* Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation * * * has an agency or representative, or in which its principal office is situated. * * *"

■ It is fundamentally true that the filing of the plea of privilege entitles the defendant to have the cause transferred to the county of his domicile unless it be contested as provided in R.C.S. Art. 2007, which article reads in part: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The controverting plea in this case alleged the corporate existence of appellant, that it had an agent and representative in the county in the person of Edwards and that all of the transactions had in connection with plaintiff's suit had taken place in Montague County, and that the cause of action or a part thereof arose in said county. These allegations may be said to be general in their nature but the petition is made a part of the controverting plea, which, when read in connection with the plea, is sufficient to specifically point out the grounds relied upon.

■ In the absence of a plea which specifically points out the grounds upon which venue is sought to be held where suit was instituted, it is not sufficient to substitute such a controverting plea with a reference to the petition by making it a part of, an otherwise insufficient controverting plea. We announced what we understand to be the correct rule in the case of Willis R. Dearing v. J. A. Morgan, Tex.Civ.App., 120 S.W.2d 555, handed down on the same date as this opinion, in which we said: "We hold that the right to refer to the plaintiff's petition and to make it a part of the controverting plea, is one given in aid of the controverting plea, to the extent that allegations in the petition are permitted to be thus used to aid the specific allegations that are made in the controverting plea.".

■ Much has been written by our courts on the question of the quantum of proof required to overcome the prima facie case for removal made by the plea of privilege. We believe it is well settled that the nature of the proof and amount are dependent upon the exception to the general venue statute relied upon by plaintiff. This conclusion is not in conflict with the general rule so well established that plaintiff must make out a prima facie case by the evidence adduced upon the hearing.

The Commission of Appeals in case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, draws the distinction between issues to be established upon trials of pleas of privilege and those when tried upon the merits; the court there says in the former, "The issue of venue, not liability, is thereby raised, when

the affidavit is filed." [page 677.] In such cases the "venue facts" are determinative of the question of whether or not the plea of privilege should be sustained.

In the instant case then, the venue facts are whether or not appellant is a corporation, and had an agent or representative in Montague County, or whether or not the cause of action or any part thereof arose in Montague County.

The supporting affidavit to the plea of privilege admitted appellant is a corporation, and this obviated the necessity of plaintiff proving that fact upon the trial. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978.

The evidence before us shows appellee negotiated with Edwards for the purchase of a truck at a credit price of so much, the aggregate amount to cover the initial price of the truck, interest to accrue on deferred payments and the price of a fire insurance policy for twelve months; when they came to reduce their negotiations to writing, Edwards produced a blank referred to as a sales contract, which, when filled out, provided for the gross sum of $1,061.80, payable $325.32 in cash and the remainder of $736.48 payable in sixteen equal monthly installments of $46.03, at the office of General Motors Acceptance Corporation (the appellant), in Dallas, Texas; it provided for many things, such as that loss, injury or destruction of the truck, would not relieve the purchaser from his obligation to pay the full amount; and that the assignee (of the instrument and obligation) "shall be entitled to all rights of the seller." It also provided no warranties, express or implied, representations, promises or statements have been made by the seller unless endorsed on the written instrument; that the purchaser should not remove the truck from the county in which it was delivered without the written permission of the holder of the contract. The instrument also contained this clause: "Seller may insure said property against fire and theft, or any accidental physical damage to the car to protect purchaser, seller or seller's assignee. Purchaser agrees to pay the premium upon demand and that on a failure to do so, payment of said premium shall be secured by this contract." Reservation of title to the truck was included, to secure payments. The sales contract was dated on the day the sale was consummated, and contained in its face an assignment by Edwards to appellant with a guaranty by Edwards of its performance.

Appellee testified he made the contract with Edwards and received the car at Bowie in Montague County, Texas; that he lived there, as did Edwards; that Edwards demanded of him and he paid the amount necessary to purchase the fire insurance premium; he made the cash payment provided for in the contract, and all subsequent installment payments in Montague County to Edwards; that no policy of insurance against loss by fire was ever procured by Edwards or anyone else, for his protection; that the car burned and he sustained a loss of the value of the truck.

The very wording and provisions of the sales contract above mentioned show clearly, we think, that both Edwards and appellee must have known the sale depended upon appellant carrying the deferred payments; appellee apparently never before knew there was such a concern as appellant, but his dealings with Edwards in connection with the closing of the deal were such as would impute knowledge to appellee that the price he had agreed with Edwards to pay, would be owing to appellant; pursuant thereto he made the cash payment to Edwards and signed the contract agreeing to pay the monthly installments to appellant; he made them to Edwards and so far as the record discloses, no complaint was made by appellant of his having done so.

There are many kinds of agencies known to the law, a discussion of each finds no place here, but the statute with reference to venue of suits against corporations does not attempt to limit the power of the agent to any particular phase of his principal's business; this we think is emphasized and perhaps liberalized by the further clause in the exception which permits venue against a corporation where it "has an agency or representative." In this instance surely it cannot be said that Edwards was in no sense an agent or representative of appellant. Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., Tex. Civ.App., 220 S.W. 394; Avery Co. v. Wakefield, Tex.Civ.App., 225 S.W. 875.

The further reason for the court to overrule the plea exists in the fact that appellee's cause of action, or at least in part, arose in Montague County. Our courts have uniformly held in construing

exception 23 to R.C.S. Art. 1995, the expression "in any county in which the cause of action, or a part thereof, arose," meant the county in which the contract was breached as well as the one in which the contract was made. Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; Adamson v. Collins, Tex.Civ.App., 286 S.W. 598; Avery Co. v. Wakefield, Tex.Civ.App., 225 S.W. 875; Stanolind Oil & Gas Co. v. Christian, Tex. Civ.App., 64 S.W.2d 363; United Appliance Corp. v. Boyd, Tex.Civ.App., 108 S. W.2d 760.

. The wording of the sales contract was such that the seller could demand of the buyer, payment of fire insurance premiums, and that on failure of the latter to pay them, the seller could purchase and pay the premiums and hold a lien on the car for repayment; Edwards demanded of appellee the payment of the premiums and he paid them to Edwards; no policies were purchased for the protection of appellee; this constituted a breach of the contract in Montague County.

. We see no error in the action of the court in overruling appellant's plea of privilege, and the judgment of the trial court is therefore affirmed.