## NATIONAL AID LIFE v. SELF et al.

### No. 2016.

Court of Civil Appeals of Texas. Eastland.

May 3, 1940.

Rehearing Denied May 31, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, and Lyndsay D. Hawkins, of Breckenridge, for appellant.

D. T. Bowles and Floyd Jones, both of Breckenridge, for appellees.

GRISSOM, Justice.

Kate Self, joined by her husband, R. B. Self, sued the National Aid Life in Stephens County, alleging that the Mutual Life Insurance Company had issued two policies in the sum of $1,000 each upon the life of Walter H. Simpler, payable to Kate Self, as beneficiary; that the name of the Mutual Life Insurance Company was changed to Mutual Life Insurance Association; that all assessments on said policies had been paid; that defendant National Aid Life had assumed the payment of said policies;

that Simpler had died; that defendant had refused to pay the policies, etc.

Defendant filed its plea of privilege asserting the right to be sued in the county of its residence, to-wit, Tarrant County. Plaintiffs filed a controverting plea alleging that the National Aid Life was a corporation and a state-wide mutual assessment company. Plaintiffs alleged facts showing venue of the case in Stephens County under subdivisions 23 and 28a, Art. 1995, Vernon's Texas Civil Statutes 1936.

Upon a trial to the court, judgment was rendered overruling defendant's plea of privilege. Defendant has appealed.

Subdivision 28a of Art. 1995, provides: "Fraternal benefit societies and statewide mutual assessment companies.—*In all actions brought against* Fraternal Benefit Societies and/or *Statewide Mutual Assessment Companies,* regardless of the plan upon which they operate and whether incorporated or not, growing out of or *based upon any alleged right* or claim or loss or proceeds due, arising from or *predicated upon* any policy or *contract* issued or *made by such* Fraternal Benefit Society and/or *Statewide Mutual Assessment Companies, venue shall lie in the county where the* policyholder or *beneficiary instituting such suit resides* or in the county of the principal office of such association or where such cause of action arose." (Italics ours.)

Under said subdivision plaintiffs were entitled to maintain their suit in Stephens County if they established, as the venue facts, that the defendant is (1) a state-wide mutual assessment company, and (2) that Mrs. Self, the beneficiary in the policies sued on, resides in Stephens County.

■ Plaintiffs' controverting affidavit shows plaintiffs' suit to be based upon a right or claim predicated upon a contract made by defendant. The evidence shows that the beneficiary in the policies sued on resides in Stephens County. We are further of the opinion that the evidence is sufficient to sustain a finding that the defendant is a state-wide mutual assessment company within the purview of subdivision 28a.

Defendant alleged, in paragraph 3 of its plea of privilege, as follows: "This defendant is an incorporated insurance association, chartered under the laws of the State of Oklahoma, and is admitted to do business in Texas under Chapter 5, Title 78, of the Revised Statutes of the State of Texas. That it has its principal office in

this State in Tarrant County, Texas, and in the City of Fort Worth, in said County and State."

Chapter 5, Title 78 of the Revised Statutes, referred to in the plea of privilege, was repealed in 1929. Said chapter, as it formerly existed, consisted of three articles. The first sentence of the first article in said repealed chapter, to-wit, Art. 4781, under a chapter entitled "Assessment Or Natural Premium Companies", was headed "Foreign assessment companies," and read "Companies or associations organized under the laws of any other State of the United States, carrying on the business of life or casualty insurance on the assessment or natural premium plan, having cash assets of a sum not less than one hundred thousand dollars, invested as required by the laws of this State regulating other insurance companies, shall be licensed by the Commissioner to do business in this State, and be subject only to the provisions of this chapter." The remainder of said article stated the requirements prerequisite to the issuance of a license to such a company to do business in Texas. Article 4782 prescribed the fees to be charged. Article 4783 provided that the provisions of Chapter 5 should not apply to mutual benefit organizations doing business through lodges or councils.

Article 4859f, Acts 1933, as amended in 1935, entitled "Mutual assessment life insurance corporations" provides: "Sec. 1. Any corporation organized and incorporated under a preexisting law in this State without capital stock and not for profit, which law has been amended or repealed or reenacted, and which was operating and actually carrying on in this State immediately prior to January 1, 1933, the state-wide business of mutually protecting or insuring the lives of its members by assessments made upon its members may comply with the terms of this Act, subject to the subsequent provisions hereof."

Section 14 provides in part: "No person, firm, unincorporated association, or corporation shall carry on in this State the state-wide business of mutually protecting or insuring the lives of its members by assessments made upon its members except under the terms of and by complying with the provisions of this Act."

Article 4860a—18 styled "Repeals and effect" is a part of Chapter 9, entitled "Mutual Insurance Companies", and provides: "Chapters 5 * * * of Title 78 of the

Revised Civil Statutes of 1925, and all other laws or parts of laws in conflict with the provisions of this Act, are hereby repealed; provided that such repeals and the provisions of this Act shall not apply to or affect any Company or Association of this State now doing business under the laws repealed, and they shall continue to be governed by the regulatory provisions of such laws."

The following chapter, to-wit, 9A (art. 4875a—1 et seq.), is entitled "Local Mutual Aid Associations."

Notices of the premiums due on the policies sued on for September 1, 1938, were sent by the defendant to Mrs. Self. The heading of the notices read "National Aid Life, Texas Division, Fort Worth, Texas." Mrs. Self testified that the defendant sent her its certificates of assumption, whereby defendant assumed payment of the policies sued on. Such certificates of assumption directed her to attach said certificates to her Mutual Life policies. Mrs. Self signed the name of the insured to a receipt and acceptance of defendant's certificates of assumption and returned them to the defendant who produced them upon the trial. She further testified that with the defendant's certificates of assumption she received a communication from the defendant addressed to the policyholders of the Mutual Life Insurance Company, which communication was headed "National Aid Life, Texas Division, Fort Worth, Texas." This instrument recited that the Mutual Life Insurance Association of Breckenridge had been merged with National Aid Life under contract of re-insurance approved by the Insurance Commissioners of Texas and Oklahoma. It further recited, among other things: (1) "The Mutual Life Insurance Company, of Breckenridge, and * * * are being merged together into the Texas Division of National Aid Life, with the Texas office located in the Fair Building, Fort Worth. Your premiums may be paid in Breckenridge, or mailed to National Aid Life, Fort Worth * * *." (2) "Enclosed herewith you will find your official assumption certificate. You simply keep your Mutual Life policy and attach this assumption certificate to it."

The instrument then welcomed the addressee "as one of our more than forty-thousand policy holders." The instrument further, under a subdivision designated as "Some Facts About National Aid Life",

advised the addressee "National Aid Life has more life business in force than any other natural premium company in the United States." "A separate division is maintained for the State of Texas, which is located in the Fair Building, Fort Worth, Texas."

"National Aid Life has branch offices in Texas at Brenham, Breckenridge, Fort Worth, Georgetown and Mineral Wells. You may pay your premiums at any of these branch offices."

"The home office of National Aid Life is located in the National Aid Life Building in Oklahoma City, Oklahoma.

"The central office for the State of Texas is located in the Fair Building, in Fort Worth, Texas."

Following the defendant's financial statement is found this statement, "National Aid Life Maintains substantial bank accounts in more than thirty five banks in the State of Texas. Included among them are the First National Bank of Fort Worth, First National Bank of Breckenridge, the State National Bank and City National Bank of Mineral Wells, and the Grayson County State Bank of Sherman."

We are of the opinion that the foregoing is sufficient to show that the defendant is a state-wide mutual assessment company within the purview of subdivision 28a of Art. 1995. We, therefore, conclude that venue of the case in Stephens County is sustainable under said subdivision 28a.

Subdivision 23 of Art. 1995 provides, in part: "Corporations and associations.— Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

■ We are of the opinion that, as applied to the facts of this case, venue is shown in Stephens County under subdivision 23, supra, if the plaintiff has alleged and proved (1) that the defendant is a private corporation, and (2) that it "has an agency or representative" in Stephens County. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 405, 48 S.W.2d 978, 981; Duncan Coffee Co. v. Haynes, Tex. Civ.App., 129 S.W.2d 1163, 1164; Texas Employers' Ins. Ass'n v. Collier, Tex.Civ. App., 77 S.W.2d 878; Maytag Southwest-

ern Co. v. Rupert, Tex.Civ.App., 95 S.W. 2d 728, 730; DeShong Motor Freight Lines, Inc. v. North Texas Coach Co., Tex. Civ.App., 108 S.W.2d 766; Midlothian Oil & Gin Co. v. Commercial Standard Ins. Co., Tex.Civ.App., 120 S.W.2d 518; City Drug Stores v. Hutson, Tex.Civ.App., 121 S.W.2d 428. Plaintiffs alleged, and the defendant admitted, in their respective pleadings that defendant is a private corporation. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769; Southland Greyhound Lines Inc. v. Taggart, Tex.Civ.App., 70 S.W.2d 244; General Motors Acceptance Corp. v. Lee, Tex. Civ.App., 120 S.W.2d 622; Waggoner v. Edwards, Tex.Civ.App., 68 S.W.2d 655, 663. We shall now consider whether or not the evidence is sufficient to authorize the court's finding that the defendant has an agency or representative in Stephens County. We have heretofore pointed out, in connection with the discussion of the evidence applicable to subdivision 28a, that the communications of defendant stated in connection with the information that certain companies were being merged into the Texas division of National Aid Life with its Texas office located at Fort Worth that "your premiums may be paid in Breckenridge * * *" and "National Aid Life has branch offices in Texas at * * Breckenridge * * *. You may pay your premiums at any of these branch offices", and further that "National Aid Life maintains substantial bank accounts in more than thirty-five banks in the State of Texas. Included among them are the * * * First National Bank of Breckenridge * * *."

J. U. Gibbs testified that he had lived in Breckenridge since 1920; that he was engaged in the business of selling life insurance for the defendant; that he had been selling insurance for defendant since 1938; that is, since they took over the Mutual Life Insurance Company; that prior to said time he was working for the Mutual Life Insurance Company, of Breckenridge; that he solicited insurance for the defendant; that he accepted applications for policies with the defendant; that he sent them to the defendant at its home office in Oklahoma City; that defendant sent him some of the policies to be delivered to persons insured by the defendant; that he solicited insurance for the defendant in Stephens, Shackelford, Eastland and Young Counties; that he knew that the defendant operated in a number of places in Texas.

We are of the opinion that the foregoing is sufficient to sustain the court's finding, in substance, that the defendant has an agency or representative in Stephens County. See Southern Ins. Co. v. Wolverton Hardware Co., Tex.Sup., 19 S.W. 615, 616; Art. 5056, Vernon's Texas Civil Statutes 1936; General Motors Acceptance Corp. v. Lee, Tex.Civ.App., 120 S.W.2d 622, 625. We, therefore, conclude that defendant is a private corporation with an agency or representative in Stephens County, and that the venue of said case is properly shown to be in Stephens County under subdivision 23, supra.

Appellant presents many propositions based upon the action of the court in permitting the introduction of the first and last pages of a re-insurance contract without proof of the execution of the instrument by the defendant, and in permitting the introduction of said portions of the re-insurance contract without introduction of the entire instrument. Propositions are also directed to the court's conclusion that plaintiffs' cause of action arose in Stephens County. Most of said propositions we deem immaterial under our conclusions heretofore stated, and other propositions are answered by what has already been said. We shall, therefore, not discuss defendant's propositions in detail.

Under the provisions of subdivisions 23 and 28a of Art. 1995, Vernon's Texas Statutes 1936, applicable to the facts of this case, we think proof of a cause of action is not required as one of the venue facts. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. We further are of the opinion that it is immaterial whether the court was correct in permitting the introduction of the reinsurance contract without proof of its execution, since proof of a cause of action was not required as a venue fact. Since venue in Stephens County was established without such proof, in a trial to the court, if error, it was harmless. DeShong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766; Duncan Coffee Co. v. Haynes, Tex.Civ.App., 129 S.W.2d 1163, 1164; Allison v. Victoria Bank & Trust Co., Tex.Civ.App., 138 S.W.2d 151, 155.

The judgment is affirmed.