## NATIONAL AID LIFE OF OKLAHOMA CITY, OKL., v. BROOKS.

### No. 2054.

Court of Civil Appeals of Texas. Eastland.

Oct. 25, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

L. H. Welch, of Breckenridge, for appellee.

GRISSOM, Justice.

This is an appeal from a judgment overruling the plea of privilege of the defendant, National Aid Life of Oklahoma City, Oklahoma, to be sued in the county of its residence. In National Aid Life v. Self, Tex.Civ.App., 140 S.W.2d 606, we held that the evidence showed (1) that the defendant therein, National Aid Life, was a state-wide mutual assessment company, within the purview of Subd. 28a, Art. 1995, Vernon's Ann.Civ.St., and (2) that the beneficiary instituting the suit on the policy issued by said defendant resided in Stephens County, wherein the suit was instituted. We, therefore, concluded that the venue of the case was sustainable in said county under subd. 28a. We further held that venue in Stephens County was shown under subd. 23 of Art. 1995, when plaintiff alleged and proved that said defendant was (1) a private corporation, and (2) had an agency, or representative, in said county. We further held that proof of a cause of action, under the circumstances above indicated, was not required as one of the venue facts.

Appellant has graciously filed a stipulation herein, in part, as follows: "Appellant believes that the identical question is involved in this case, and that the final result in the Kate Self case will control the decision herein. It does not waive or withdraw any of its contentions in either case, but desires to save the court the time that would be required in reading the Statement of Facts and Transcript, and agrees that this case is governed by the same basic principles that are involved in the Kate Self case."

Therefore, upon the authority of National Aid Life v. Kate Self, supra, and authorities therein cited, the judgment is affirmed.