VETERANS OF FOREIGN WARS, POST NO. 837, et al., Appellants,

v.

Yvonne Jones BYROM et vir, Appellees.

No. 6537.

Court of Civil Appeals of Texas.

Beaumont, Texas.

April 12, 1962.

James Kerr, Beaumont, for appellants.

D. H. O'Fiel, Eugene L. Lefler, Beaumont, for appellees.

McNEILL, Justice.

Appellant, Veterans of Foreign Wars, Post No. 837, located at Beaumont, Texas, on April 23, 1957, as lessor, executed a lease on a tract of land fronting 203.6 feet on 11th Street in said City to Yvonne Jones Byrom, et vir, lessee. The lease was for a period of two years at a monthly rental of $200.00 per month. During the term of this lease a dispute arose between appellant Veterans of Foreign Wars, Post No. 837, and appellee, Veterans of Foreign Wars, Post No. 1806, also located in Beaumont, as to which of these bodies owned the leased tract of land.

This dispute not having been settled, Yvonne Jones Byrom, et vir, filed suit in the District Court against the two Posts as defendants, alleging the existence of the lease and the dispute over title to the land between the two Posts and praying that a Receiver be appointed to protect lessees' interest. The court appointed a Receiver. Both Posts appeared in the suit and filed separate answers, each of which admitted the existence of the lease, and each Post filed a cross action over against the other for title to the land involved. Motion for summary judgment in its behalf was made by Post No. 1806 against Post No. 837. This motion was granted, the Receiver discharged, and judgment awarded Post 1806 for title to the land.

Post No. 837 has appealed from this action. The one point of error presented by appellant Post No. 837 asserts that the trial court erred in granting the motion for summary judgment based on the findings of such judgment:

"POINT OF ERROR

"The court below erred in granting the Motion for Summary Judgment based on the finding in such Judgment 'that the Defendant, Beaumont Post No. 837, Veterans of Foreign Wars of the United States is the same identical corporate entity as the Farrell D. Minor, Jr., Post No. 837, Veterans of Foreign Wars of the United States, and the same identical corporate entity as Beaumont Post No. 837, Veterans of Foreign Wars, Inc. and that said corporate entity is still in existence, and that the said corporate entity has operated under various assumed names, all using the Number 837; but that its charter used by the National Headquarters of the Veterans of Foreign Wars of the United States has been forfeited and cancelled; and the Court being further of the opinion that all questions concerning title to the property in controversy and constituting the subject matter of this suit are moot.' "

In order to understand the controversy between the two Posts it is necessary to state the following: On February 21, 1950, there was filed in the office of the Secretary of State of Texas a charter for the Beaumont organization in the name of The Farrell D. Minor, Jr., Post No. 837, Veterans of Foreign Wars of the United States at Beaumont, Texas. This incorporation was under Chap. 9, Title 32 of the Revised Civil Statutes of the state, as amended, Vernon's Ann.Civ.St. art. 1396 et seq.

About a year later Beaumont Post No. 1806, Veterans of Foreign Wars of the United States was incorporated. Sometime in 1955, by charter from the Veterans of Foreign Wars of the United States, the two above mentioned posts were consolidated under the designation of Beaumont Post No. 837, Veterans of Foreign Wars of the United States. And thereafter, on June 19, 1955, Beaumont Post No. 1806 executed a deed to the subject land to Beaumont Post No. 837, Veterans of Foreign Wars, Inc. Somewhat later, Beaumont Post No. 1806, appellee herein, was reorganized and received a charter from the Veterans of Foreign Wars of the United States as such reorganized post. Immediately after the reorganization of said post, a deed was made to the land involved, executed by the officers of Beaumont Post No. 837, appellant herein, conveying said land to the reorganized Post No. 1806. Whether this deed was properly executed provoked this suit. It was dated May 10, 1958, and recited "that the Farrell D. Minor, Jr. Post No. 837, Veterans of Foreign Wars of the United States, a corporation duly organized and existing under and by virtue of the laws of the State of Texas, and being the same corporate entity as Beaumont Post No. 837, Veterans of Foreign Wars, Inc., which was named as grantee in a certain deed dated June 19, 1955 * * *." The deed was executed by grantor "Farrell D. Minor, Jr. Post No. 837, Veterans of Foreign Wars of the United States."

During the pendency of the above described Byrom suit, to-wit, on May 26, 1961, the National organization of Veterans of Foreign Wars canceled the charter of appellant, Beaumont Post No. 837. Shortly thereafter the Motion for summary judgment in behalf of appellee Post No. 1806 was filed.

After the action of the Commander in Chief of the National organization canceling the charter of Beaumont Post No. 837 granted by it, the Department of Texas, Veterans of Foreign Wars of the United States, intervened in the above suit and alleged that upon forfeiture of the charter granted by the National organization on May 26, 1961, intervenor became entitled to all the properties and effects belonging to said Post No. 837. It further pleaded that said appellant Post No. 837, on May 10, 1958, and before the forfeiture of its charter took place, duly executed and delivered its deed to appellee Post No. 1806 for the property here involved, and intervenor disclaimed any interest in the title to said property and suggested to the court that the subject matter of the suit is moot and there no longer exists any controversy with reference to title to said property.

We have examined the record and think the court's findings complained of in appellant's only point are established by the uncontradicted evidence. The burden of appellant's whole argument here is summed up in its brief as follows: In order for the trial court to rule as he did it was "necessary for him to find facts with reference to the corporate status of the appellant. In order for the court to hold as a matter of law that appellant is entitled to the land in controversy, the court must find as a matter of law that Beaumont Post No. 837, appellant, is a Texas corporation. The record, with reference to this fact, is void. Appellant did not apply for a corporate charter and has not been issued a corporate charter of the State of Texas." The first paragraph of appellant's First Amended Original Answer upon which it went to trial reads:

"All parties hereto are residents of Beaumont, Jefferson County, Texas, the said Post 837 being duly incorporated under and by virtue of the laws of this State * * *."

This allegation precedes the general denial in said answer. In addition to said answer, the first paragraph of appellant's cross action reads:

"The cross-plaintiff of Veterans of Foreign Wars of the United States

Post 837 is a corporation; duly incorporated by virtue of the laws of the State of Texas with its principal place of business in Beaumont, Jefferson County, Texas, the cross-defendant Post 1806 of the Veterans of Foreign Wars of the United States is a duly incorporated organization under and by virtue of the laws of the State of Texas with its principal place of business in Beaumont, Jefferson County, Texas."

Appellee's cross action upon which it went to trial contained this allegation:

"This cross-plaintiff would show unto the Court that both the Cross-Plaintiff and the Cross-Defendant are corporations, duly incorporated under and by virtue of the laws of the State of Texas, and having their offices and princi*ple* places of business in Beaumont, Jefferson County, Texas."

██ "What has been alleged by both parties will be accepted as establishing the fact in respect of which the allegation is made—both by the trial court and by the appellate court." 33 Tex.Jur., p. 643. See, also, Fort Worth Warehouse & Storage Co. v. Maddocks, Tex.Civ.App., 33 S.W.2d 227; Wilson v. Beck, Tex.Civ.App., 286 S.W. 315 (321). Neither party either by sworn or unsworn pleadings denied that it or its adversary was incorporated. In such instance the allegation itself is sufficient proof thereof. 14 Tex.Jur.2d 592–594.

The trial court did not err in rendering the judgment it did. It found that the appellant, Beaumont Post No. 837, Veterans of Foreign Wars of the United States, is the same identical corporate entity as the Farrell D. Minor, Jr., Post No. 837, Veterans of Foreign Wars of the United States, and the same identical corporate entity as Beaumont Post No. 837, Veterans of Foreign Wars, Inc. The corporate charter granted to this Post by the State of Texas contained the provision that the Post "shall at all times remain under the jurisdiction of

and be governed according to the Constitution and By-laws of the Veterans of Foreign Wars of the United States." The order of the Commander in Chief of said National organization canceling the charter of said Post has been accepted as an accomplished fact by all interested parties. This order concludes with the provision: "The Commander, Department of Texas, will at once recover the charter, rituals, paraphenalia and all monies and other property of the Post in accordance with the provisions of the National By-laws." Since this order has not been assailed, we accept it as having been made under proper authority. It will be recalled that the charter granted to this Post by the State provided that it had accepted the provisions of, and was incorporated under, the provisions of Chap. 9, Title 32 of our Civil Statutes, as amended. Article 1403 of this chapter provides that "upon the demise of any subordinate body so incorporated, all property and rights existing in such subordinate body shall pass to, and vest in, the grand body to which it [is] attached * * *." We need not decide, in this instance, whether the National organization of the Department of Texas is the grand body.

██ The charter granted by the State of Texas to appellant Post 837 provided that the Post shall at all times remain under the jurisdiction of, and be governed according to the Constitution and By-laws of, the Veterans of Foreign Wars of the United States. When the Post's charter issued by the National organization was canceled and the property of the Post ordered disposed of in accordance with the provisions of the National bylaws, this, in practical effect, constituted a "demise" of said Post or subordinate body within the meaning of that term as used in Art. 1403 so that thereafter said Post may not assert beneficial title to the property. Compare, Humble Oil & Ref. Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891.

The judgment of the trial court is affirmed.